UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHANE A. AKE, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-316 DRL-SJF |
| LUKE BESSESEN and JOHN WIES, | |
| Defendants. | |

## OPINION AND ORDER

Shane A. Ake, a prisoner without a lawyer, filed a complaint. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Ake alleges that his Fourteenth Amendment rights were violated when he was placed in disciplinary segregation at the Allen County Jail following a hearing that he says did not comply with due process. Mr. Ake alleges that on June 27, 2024, another inmate at the jail stole commissary items from his cell and left a threatening letter. According to Mr. Ake, the inmate had access to his cell only because Allen County Jail staff did not enforce jail rules, perform security checks to ensure that all cell doors were shut, or conduct hourly cellblock rounds. After his commissary was stolen, Mr. Ake went

to the other inmate's cell to confront him. The other inmate taunted him by saying that Mr. Ake wasn't going to do anything about his stuff being stolen. Mr. Ake alleges he was provoked into punching the other inmate "in self-defense of [his] property and life." ECF 5-2 at 2. He believed his life was in danger because of the lack of control and supervision at the Allen County Jail. The next day, he was issued an incident report and at a hearing on July 3, 2024, he was found guilty on that report. He was sanctioned with disciplinary segregation.

Mr. Ake alleges the hearing did not comply with due process. He contends due process was violated because Officer John Wiese took part in the investigation of the incident and was also a member of the Disciplinary Hearing Committee that adjudicated the incident report. The investigatory report, authored by Officer Jeffery Kroemer, is attached to the complaint. ECF 5-3 at 2. It reveals that after a jail officer noticed that Mr. Ake had a fresh black eye, Officer Kroemer pulled phone calls, and Officer Wiese pulled messages from tablets to investigate how Mr. Ake was injured. Officer Wiese also viewed video and learned that Mr. Ake did not have a black eye as of 15:52 the day before. Officer Wiese found two tablet messages describing a fight that took place the day before around 19:24. Officer Kroemer found the video showing Mr. Ake going into Cell 1503 with a posture that indicated he was angry. A few minutes later, the video showed Mr. Ake running out of that cell, going to his cell, and closing the door. When he reappeared, he was wearing a mask over his face. Based on this evidence, Officer Kroemer ordered that Mr. Ake be taken to disciplinary segregation pending a disciplinary hearing for fighting.

The report from the disciplinary hearing at which Mr. Ake was found guilty reasoned:

> Inmate was seen going in an unauthorized area and starting a fight by throwing a punch on another inmate via video evidence. In addition inmate found lying about the incident in discipline hearing.

ECF 5-3 at 3. Mr. Ake was sanctioned with 55 days in segregation. Officer Luke Bessesen was the chairperson of the three-person committee, and Officer Wiese was also on the committee. Officer Wiese, therefore, participated in the investigation and sat on the committee adjudicating guilt.

At the time of the disciplinary hearing, Mr. Ake was in the Allen County Jail both as a pretrial detainee awaiting trial on charges of cocaine possession and resisting law enforcement and as a probationer awaiting a hearing on a probation violation. *See State v. Ake*, No. 02D05-1703-F3-000011 (Allen Super. Ct. decided Aug. 2, 2017); *State v. Ake*, No. 02D04-2312-F6-001772 (Allen Super. Ct. decided Nov. 20, 2024). This circuit has not yet decided whether an inmate incarcerated on an "unadjudicated probation violation . . . fits within the Eighth Amendment or the Fourteenth Amendment framework." *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 614 n.1 (7th Cir. 2022). And here, the issue may be dispositive because a convicted prisoner has no liberty interest in avoiding segregation unless it amounts to a "significant and atypical hardship" in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 476 (1995); *see also Johnson v. Murray*, No. 23-1805, 2024 WL 208152, 1 (7th Cir. Jan. 19, 2024) (discussing different due process requirements to discipline a pretrial detainee as compared to a convicted prisoner). When a convicted prisoner is transferred to segregation, "his liberty is affected only if the more

3

restrictive conditions are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time." *Earl v. Racine Cnty. Jail*, 718 F.3d 689, 691 (7th Cir. 2013). Mr. Ake's total segregation time, including both pre-hearing and post-hearing time, amounted to around 60 days. For a convicted prisoner, that is generally insufficient to trigger a liberty interest that requires due process. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 & n. 2–3 (7th Cir. 2009) (collecting cases that held segregation of two to ninety days does not trigger due process concerns). But for purposes of this screening order, the court will assume that Mr. Ake receives the protections due to a pretrial detainee.

"A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). "[D]ue process requires that he receive advance written notice of the charges, the chance to present testimony and documentary evidence to an impartial decisionmaker, and a written explanation, supported by at least 'some evidence' in the record, for any disciplinary action taken." *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "Adjudicators are entitled to a presumption of honesty and integrity, and thus the constitutional standard for impermissible bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (citations omitted). But "[d]ue process does forbid officials who are directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation thereof, from serving on the board hearing the charge." *Id.* at 667. Giving Mr. Ake the inferences he is entitled to at the pleading stage, he has stated a claim against Officer

4

Wiese under the Fourteenth Amendment for depriving him of due process by participating in both the investigation and the adjudication of an incident report. He may also proceed against Officer Bessesen, the chairperson of the committee that adjudicated his guilt.

However, Mr. Ake will be limited to seeking nominal and punitive damages for any proven due process violation. He does not allege that having an allegedly biased decisionmaker caused him any physical injury, so the Prisoner Litigation Reform Act does not allow him to recover compensatory damages. *See Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012) ("Because 'no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury,' 42 U.S.C. § 1997e(e), a prisoner cannot obtain compensatory damages without proving a physical injury."). Thus, Mr. Ake's potential recovery is limited to one dollar, *see Carey v. Piphus*, 435 U.S. 247, 267 (1978) (defining nominal damages as damages "not to exceed one dollar"), plus punitive damages if he can show "the defendant's conduct is . . . motivated by evil motive or intent, or . . . it involves reckless or callous indifference to the federally protected rights of others," *Smith v. Wade*, 461 U.S. 30, 56 (1983).

The remaining defendants must be dismissed. Mr. Ake sues Officer Keller, the confinement officer who was working on his cellblock when his commissary was stolen, blaming him for creating the conditions that allowed his commissary to be stolen by not securing the block. Even if Officer Keller's actions directly led to the property loss, a loss of property attributable to a state actor violates the Constitution only if it is done in the

5

absence of due process. *See* U.S. Const. Amend. XIV. A State can provide due process for property loss with "'a meaningful postdeprivation remedy for the loss . . ..'" *Higgason v. Morton*, 171 F. Appx. 509, 512 (7th Cir. 2006) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). The Indiana Tort Claims Act provides an adequate postdeprivation remedy to redress such claims. *Id.* (citing *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.")); *see also* Ind. Code § 34-13-3-1 *et seq.* Therefore, Mr. Ake has not stated a claim against Officer Keller.

Mr. Ake sues Allen County Sheriff Troy Hershberger (mistitled as the Allen County Jail Commander) and Allen County Jail Commander David Butler, alleging that they did not intervene after he made them both aware of difficulties he was having getting access to legal resources while in disciplinary segregation. He says while he was in segregation, he was able to use the legal resources on his tablet for only an hour or less, and he was not allowed to receive case law or legal references that he requested to be printed at his expense.

It is doubtful that either Sheriff Hershberger or Commander Butler, as supervisory officials, had the personal involvement in the conditions of Mr. Ake's confinement in segregation necessary to be held liable for any constitutional violations. *See Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019) (discussing standard for supervisory liability under 42 U.S.C. § 1983). Regardless, though, Mr. Ake does not state a claim based on the denial of access to legal materials. "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the*

6

*courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted, *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds v. Smith*, 430 U.S. 817 (1977) did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). Mr. Ake does not allege an injury to a non-frivolous legal claim as a result of his restricted access to legal materials while in segregation.

Finally, Mr. Ake names as a defendant Allen County Commissioner Rich Beck. Commissioner Beck is not mentioned in the body of the complaint. He will be dismissed for lack of involvement. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights."); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

For these reasons, the court:

(1) GRANTS Shane A. Ake leave to proceed against Officer Luke Bessesen and Officer John Wiese in their individual capacities for nominal and punitive damages for depriving him of due process at a July 3, 2024 disciplinary hearing in which Officer Wiese

7

participated as an adjudicator despite also participating in the investigation in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Troy Hershberger, Keller, David Butler, Rich Beck;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Luke Bessesen and Officer John Wiese at the Allen County Jail, with a copy of this order and the complaint (ECF 5);

(5) ORDERS the Allen County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if he has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Luke Bessesen and Officer John Wiese to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

January 2, 2025                                                 *s/ Damon R. Leichty*
                                                                Judge, United States District Court