UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

SHANE A. AKE,

      Plaintiff,

v.

LUKE BESSESEN and JOHN WIESE,

      Defendants.

CAUSE NO. 1:24-CV-316 DRL-SJF

OPINION AND ORDER

Shane A. Ake, a prisoner without a lawyer, is proceeding in this case against "against Officer Luke Bessesen and Officer John Wiese in their individual capacities for nominal and punitive damages for depriving him of due process at a July 3, 2024 disciplinary hearing in which Officer Wiese participated as an adjudicator despite also participating in the investigation in violation of the Fourteenth Amendment." ECF 11 at 7-8. Mr. Ake filed an amended complaint, seeking to add as defendants, Correctional Officer Penny Lake and Correctional Officer Sickafoose, alleging that he informed each of them about irregularities in the disciplinary proceeding but neither took remedial action. ECF 28.

Mr. Ake filed this amended complaint before the deadline for amended pleading in the scheduling order. ECF 26. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend

where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id*. Mr. Ake did not move for leave to file an amended complaint. Because the proposed amended complaint does not state a claim against the two new defendants, the court will construe the amended complaint to include a motion for leave to amend and deny the motion.

The facts are recounted in detail in the court's prior screening order and are unnecessary to repeat here. *See* ECF 11. The two new proposed defendants became involved after the July 3, 2024 disciplinary hearing that Mr. Ake alleged was in violation of his due process rights. Specifically, he alleges that the day after the disciplinary hearing, he submitted a grievance to Correctional Officer Penny Lake, "indicating the investigation was improperly conducted." ECF 28 at 3. She denied the grievance around July 11, 2024.[1]

On July 16, 2024, Mr. Ake submitted an Inmate Request Form, seeking to appeal the disciplinary hearing on the basis that the hearing board was not impartial because Correctional Officer John Wiese was involved in the investigation and was a member of the Disciplinary Hearing Committee. ECF 28-1. Correctional Officer Sickafoose responded, "You have 10 days to appeal[;] was up last Friday." *Id.* Mr. Ake asserts that this was a factual error, and he had ten business days to appeal, which hadn't yet run. He

---

[1] Mr. Ake refers to documents that are not attached to the amended complaint. The only document attached to the amended complaint is the Inmate Request Form # 221445, labeled as "Amended Document # 4, Page 3 of 6." ECF 28-1. Because Mr. Ake describes the contents of the missing documents in his amended complaint, the court can analyze the amended complaint without needing the actual documents.

submitted another grievance to Officer Lake on July 17, 2024, about the alleged violation of due process at his hearing, but she did not respond.

Mr. Ake alleges that Officer Lake and Officer Sickafoose are liable for failing to correct the due process violation after they were made aware of it. Specifically, Mr. Ake alleges, "[H]igh-level prison officials who are designated to decide disciplinary appeals have the duty to conduct at least a 'minimal investigation' when confronted with evidence of due process violations, and they may be held liable for failing to perform their duty." ECF 28 at 4.

Mr. Ake cites no case law to support his proposition that officials have a duty to investigate alleged due process violations when deciding disciplinary appeals, and the case law suggests otherwise. The due process protections granted to prisoners during disciplinary hearings are (1) at least 24 hours advance written notice of the charge; (2) an opportunity to have their case decided by an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the decisionmaker of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). There must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). The right to appeal is not among the requirements for procedural due process enumerated in *Wolff*, and the Supreme Court has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324

(1976)). This court explained in a previous case that errors in a disciplinary appeal do not constitute a due process violation:

> Mr. Jones alleges that he did not receive any response to the grievance(s), complaint(s), or appeal(s) that he filed with defendants Murtaugh, Brown or Shedd. *Wolff* does not provide for any right to an appeal, and the First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance. Once Mr. Jones was provided with a hearing, others do not become liable to him for errors which may have occurred during that hearing merely because he notified them of the alleged errors. Mr. Jones' only remedy in this court for such errors is against the hearing officer who committed those errors.

*Jones v. Brown*, 300 F. Supp.2d 674, 679 (N.D. Ind. 2003) (Sharp, J.); *see also Boyd v. Anderson*, 265 F. Supp.2d 952, 961–62 (N.D. Ind. 2003) (Sharp, J.) ("An administrative appeal is not one of the rights *Wolff v. McDonnell* establishes as guaranteed by the Fourteenth Amendment's due process clause. A state may choose to afford an administrative appeal in prison disciplinary actions, and Indiana has done so, but this does not mean that errors in the administrative appeals process violate a state prisoner's federally protected rights.").

This is in line with the general proposition that a person has no right to an investigation into already completed behavior. *See Whitlock v. Brueggemann*, 682 F.3d 567, 588 (7th Cir. 2012) (citing *Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005)) ("There is no affirmative duty on police to investigate."); *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) ("We note at the outset that Rossi does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction."). By the time Mr. Ake filed his grievances and appeals, the offending conduct was already

completed. True, he was serving his 55-day disciplinary sanction in segregation. But ongoing effects of an alleged constitutional violation does not mean that the violation is ongoing.

In short, Mr. Ake had no constitutional right for Officer Lake or Officer Sickafoose to remedy any alleged due process violations in the already-completed disciplinary hearing. Therefore, he does not state a claim against either of them. Allowing him to amend the complaint to add claims against these defendants would be futile.

For these reasons, the court DIRECTS the clerk to edit the docket to reflect that the amended complaint (ECF 28) is a motion for leave to file an amended complaint and DENIES the motion (ECF 28).

SO ORDERED.

July 21, 2025                                     s/ Damon R. Leichty
                                                 Judge, United States District Court